IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYLANN DURRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19 cv 312 |
| | ) |
| CITY OF CHICAGO and CHICAGO POLICE | ) |
| OFFICERS ROBERT PIZZO, Star #18380, | ) |
| JAMES BANSLEY, Star #8791, and | ) |
| MIGDALIA BULNES, Star #226, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TYLANN DURRETT, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS ROBERT PIZZO, Star #18380, JAMES BANSLEY, Star #8791, and MIGDALIA BULNES, Star #226, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of his rights secured by the Constitution and laws of the United States of America.

### JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); and the Constitution of the United States of America.

**PARTIES**

3. PLAINTIFF TYLANN DURRETT is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. He is a Black, or African-American, male.

4. DEFENDANT OFFICERS ROBERT PIZZO, Star #18380 and JAMES BANSLEY, Star #8791 ("Defendant Officer") was, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. DEFENDANT MIGDALIA BULNES, Star #226 was, at the time of this occurrence, a Lieutenant with the Chicago Police Department assigned to the Fourth District. She engaged in the conduct complained of in the course and scope of her employment and under color of law. She is sued in her official and supervisory capacity.

6. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**FACTS**

7. Plaintiff TYLANN DURRETT is a professional real estate investor. He drives a black, 2014 Mercedes CLS 550.

8. On 5 December 2018, at or around 2:00 pm, Mr. Durrett was stopped at a stop sign on 80th and Marquette in Chicago, Illinois, when he spotted the Defendant Officers passing in front of him.

9. When Defendant Officers saw Mr. Durrett, they decided to pull him over because he was a Black man on the Southside of Chicago driving an expensive car.

10. There was no legal basis for the stop.

11. Nevertheless, after Mr. Durrett executed a legal, left turn the Defendant Officers conducted a U-turn in order to follow and stop him.

12. The seizure of Plaintiff TYLANN DURRETT was made without a reasonable and articulable suspicion. Immediately before he was pulled over by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being seized, he was not violating any laws, rules, or ordinances. There was no reasonable and articulable suspicion or justification for the stop of Plaintiff TYLANN DURRETT on 5 December 2019.

13. Defendant Officers approached DURRETT with their weapon(s) drawn and ordered him out of his car.

14. Defendant Officers then handcuffed DURRETT.

15. Defendant Officers claimed that after running DURRETT'S car, it came back to a stolen Yamaha.

16. DURRETT knew that Defendant Officers were prevaricating because this was the third time in as many months that he had been pulled over by Chicago Police Officers on the Southside.

17. Each time DURRETT was pulled over, there was no lawful basis and he was never ticketed.

18. At all times relevant, DURRETT's the car was properly registered and there was no reasonable basis to believe it was stolen.

19. After searching DURRETT's name, Defendant Officers released him. DURRETT then requested the name and badge numbers of Defendant Officers.

20. Afterward, DURRETT immediately went to the Fourth District to complain and was directed to Defendant Bulnes.

21. Defendant Bulnes looked up DURRETT's plate and saw that it did not come up stolen and did come up registered to him.

22. Even though Defendant Bulnes knew there was no lawful basis for the stop, she told DURRETT that Defendant Officers acted correctly and if he filed an official complaint she would put into the complaint that Defendant Officers had done nothing wrong.

23. In so doing, Lt. Bulnes she ratified the conduct of the Defendant Officers, which were intentional, willful and wanton.

24. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with his normal life, lost time, and attorneys' fees.

### COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure

25. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

26. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be searched and seized without a reasonable and articulable suspicion or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

27. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed

him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, TYLANN DURRETT, purusant to 42 U.S.C. §1983, demand judgment against the Defendant Officers, ROBERT PIZZO, Star #18380 and JAMES BANSLEY, Star #8791, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Racial Profiling

28. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

29. Plaintiff, as an African American, is a member of a protected class.

30. Defendant Officers stopped Plaintiff without a reasonable and articulable suspicion of criminality as required by the Fourth Amendment and based solely on his race.

31. Defendant Officers conduct was undertaken with the purpose of depriving Plaintiff of the equal protection in violation of the Fourteenth Amendment.

32. Defendant Officers acted with deliberate indifference to the Fourteenth Amendment rights of Plaintiff.

33. Lt. Bulnes has policymaking authority for the Chicago Police Department.

34. Lt. Bulnes was acting in her official capacity when she approved Defendant Officers' decision to unlawfully seize Mr. Durrett and the basis for it.

35. In so doing, the City of Chicago ratified Defendant Officers' conduct.

36. As a direct and proximate result of the aforesaid acts of the Defendants, the Fourteenth Amendment rights of the Plaintiff were violated.

37. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations

proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, TYLANN DURRETT, purusant to 42 U.S.C. §1983, demand judgment against the Defendants, ROBERT PIZZO, Star #18380 and JAMES BANSLEY, Star #8791, and CITY OF CHICAGO, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Supervisory Liability

38. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.
39. Defendant Officers violated Plaintiff's right by intentionally racially profiling him and stopping him without a lawful basis.
40. Defendant Bulnes knew that Defendant Officers racially profiled Plaintiff and stopped him without a lawful basis.
41. Alternatively, Defendant Bulnes knew that Defendant Officers had a practice of unconstitutional stops and racial profiling.
42. Defendant Bulnes approved, assisted, and condoned Defendant Officers' conduct.
43. As a direct and proximate result of the unconstitutional conduct of Defendant Bulnes, Plaintiff was harmed including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

WHEREFORE the Plaintiff, TYLANN DURRETT, purusant to 42 U.S.C. §1983, demand judgment against the Defendant, MIGDALIA BULNES, Star #226, for compensatory

damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 745 ILCS 10/9-102 – Indemnification

44. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

45. Defendant City of Chicago is the employer of the Defendant Officers.

46. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, TYLANN DURRETT, demands that should either Defendant Officer be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        Respectfully Submitted,
        **TYLANN DURRETT**

By:   /s/ Jeanette Samuels
        *One of Plaintiff's Attorneys*

SAMUELS & ASSOCIATES, LTD.
2925 S. Wabash Avenue, Suite 104
Chicago, Illinois 60616
T: 872-588-8726
F: 872-444-3011
E: sam@chicivilrights.com